**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4337

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN JOHN SOUTHERLAND,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-cr-00343-D-2)

Submitted:  December 15, 2022                    Decided:  December 19, 2022

Before GREGORY, Chief Judge, and WILKINSON and DIAZ, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin John Southerland pled guilty, pursuant to a written plea agreement, to possession with intent to distribute methamphetamine and fentanyl, in violation of 18 U.S.C. § 2, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Southerland to 240 months' imprisonment and a 5-year term of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Southerland's guilty plea and whether the court orally pronounced the discretionary conditions of supervised release imposed in the written judgment. Although notified of his right to do so, Southerland has declined to file a pro se supplemental brief. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Southerland's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Upon review of the record, including the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Southerland knowingly and voluntarily waived his right to appeal. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope.

The waiver provision, however, does not preclude our review of the validity of the guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore

2

deny in part the Government's motion to dismiss.  Because Southerland did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard).  Our review of the record leads us to conclude that Southerland entered his guilty plea knowingly and voluntarily, that a factual basis supported the plea, and that his guilty plea is valid.  *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Next, Southerland's counsel questions whether the discretionary conditions of supervised release included in the written judgment were orally pronounced at sentencing. A claim that discretionary supervised release conditions were not orally pronounced at sentencing falls outside the scope of a plea waiver.  *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021).  To protect a defendant's right to be present when he is sentenced, "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing."  *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). "Discretionary conditions that appear for the first time in a subsequent written judgment, . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required."  *Singletary*, 984 F.3d at 344.  "[W]e review the consistency of [a defendant's] oral sentence and the written judgment de novo, comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law."  *Rogers*, 961 F.3d at 296 (internal quotation marks omitted).  We conclude that there was no error because the district court announced the discretionary conditions of supervised release that it included in the written judgment.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Southerland's valid appellate waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the judgment. This court requires that counsel inform Southerland, in writing, of the right to petition the Supreme Court of the United States for further review. If Southerland requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Southerland.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4